UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| STERLING DUNBAR PERSONS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:18-CV-388 JD |

**OPINION AND ORDER**

Sterling Dunbar Persons suffered from a work-related neck injury in January 2009 when a lift elevator malfunctioned. His head, caught between pipes, bent sideways against his shoulder while the elevator kept ascending. After seeking multiple medical opinions and undergoing months of physical therapy and various pain management regimens, Mr. Persons filed for disability benefits on January 2, 2015, alleging that he became disabled the month of his accident. An administrative law judge found, however, that Mr. Persons retained the capacity to perform a range of light duty work and that there were jobs he could still perform, so his claim was denied. Mr. Persons appeals that decision. For the reasons set forth below, the Court remands for further proceedings.

## I. FACTUAL BACKGROUND

Mr. Persons worked as a contractor doing insulation work for many years, for different private companies and government departments. In January 2009, Mr. Persons suffered an injury while working on a lift elevator. This injury has allegedly resulted in chronic pain and numbness in his neck and left arm, and consequential manipulative limitations that serve as the genesis of this proceeding. Mr. Persons contends that his injury has created ongoing cervical spine and

upper extremity difficulties including disc herniation with nerve involvement, weakness, sensory abnormalities, limitation of motion, and carpal tunnel syndrome.

After spinal specialists suggested surgery, Mr. Persons sought out a second opinion from Dr. Mark Chang of Midwest SpineCare. Dr. Chang saw Mr. Persons many times between 2009 and 2011, documenting his progress during that period. (*See* R. 464–75). Under Dr. Chang's supervision, Mr. Persons underwent substantial physical therapy and injections in efforts to relieve his pain. In his last report, Dr. Chang observed that Mr. Persons' status was relatively unchanged since his previous visit, that his pain persisted, his function remained limited, and that he had "difficulty tolerating activities for more than a few minutes at a time." (R. 475).

Mr. Persons attempted to return to work in 2014 by taking a job at Walmart, but he was unable to perform those duties due to the injury-related pain. (R. 50). Mr. Persons points to the unpredictable severity of his pain and the nature of his manipulative limitations as the basis for his inability to work. He thus applied for social security benefits, claiming that he was unable to work. An administrative law judge found that Mr. Persons' limitations did not meet a listing requirement at step three, and that he retained the capacity to perform light duty work, subject to some additional limitations. Based on testimony from a vocational expert, the ALJ found that an individual with Mr. Persons' limitations could still do other jobs, so the ALJ denied his claim. The Appeals Council denied review, so Mr. Persons filed this action seeking review of that decision.

## II. STANDARD OF REVIEW

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). This Court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668,

673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Thus, even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In this substantial-evidence determination, the Court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the Court conducts a "critical review of the evidence" before affirming the Commissioner's decision. *Id.* An ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection and may not ignore an entire line of evidence that is contrary to his or her findings. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). Consequently, an ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539. While the ALJ is not required to address every piece of evidence or testimony presented, the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

## III. STANDARD FOR DISABILITY

Disability benefits are available only to those individuals who can establish disability under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Specifically, the claimant must be unable "to engage in any substantial gainful activity by reason

of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations create a five-step sequential evaluation process to be used in determining whether the claimant has established a disability. 20 C.F.R. § 404.1520(a)(4)(i)–(v). The steps are to be used in the following order:

1. Whether the claimant is currently engaged in substantial gainful activity;
2. Whether the claimant has a medically severe impairment;
3. Whether the claimant's impairment meets or equals one listed in the regulations;
4. Whether the claimant can still perform relevant past work; and
5. Whether the claimant can perform other work in the community.

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

At step three, if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations, disability is acknowledged by the Commissioner. 20 C.F.R. § 404.1520(a)(4)(iii). However, if a listing is not met or equaled, then in between steps three and four, the ALJ must then assess the claimant's residual functional capacity, which is defined as the most a person can do despite any physical and mental limitations that may affect what can be done in a work setting. 20 C.F.R. § 404.1545. The ALJ then uses the residual functional capacity to determine whether the claimant can perform his or her past work under step four and whether the claimant can perform other work in society at step five. 20 C.F.R. § 404.1520(e). The claimant has the initial burden of proof in steps one through four, while the burden shifts to the Commissioner in step five to show that there are a significant number of jobs in the national economy that the claimant is capable of performing. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

## IV. DISCUSSION

Mr. Persons offers four arguments in support of reversal. First, he argues that the ALJ erred in determining the extent of his manipulative limitations, including by failing to address the opinions of one of his treating physicians, Dr. Chang. Second, he argues that the ALJ erred in failing to assess his sleep apnea and the combined impact of his impairments. Third, Mr. Persons argues that the ALJ failed to properly assess the opinion evidence from a treating specialist, Dr. Ungar-Sargon. Fourth, he argues that the ALJ failed to properly analyze whether any listing was satisfied. The Court need only address the first argument, as the Court agrees that the ALJ erred by failing to address Dr. Chang's opinions and that that error requires remand.

"A treating physician's opinion is entitled to controlling weight if it is supported by medical findings and consistent with substantial evidence in the record."[1] *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013). The ALJ is not required to accept a treating physician's opinion, but an "ALJ who declines to give controlling weight to the opinion of a treating physician must offer 'good reasons' that are 'sufficiently specific' in explaining what weight, if any, she assigned it." *Eakin v. Astrue*, 432 F. App'x 607, 612 (7th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)); *see also Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011).

Dr. Chang is a spinal specialist who began treating Mr. Persons in October 2009. Dr. Chang's treatment notes over the next year and a half include multiple statements by Dr. Chang about Mr. Persons' functional limitations and capacity to work. In his treatment notes from Mr. Persons' first appointment, Dr. Chang noted that "[Mr. Persons] has failed good efforts of conservative treatment and remains very symptomatic and is unable to return to work . . . ." (R. 464). Dr. Chang reiterated that opinion in his notes from the next appointment, stating that

[1] The Commissioner has since rescinded the treating physician rule, but that change took effect after Mr. Persons filed his disability claim.

"given his chronic symptoms and presence of significant disc herniation, it is not safe for him to return to work. . . . I feel that even light duty work would be [difficult] for him with his cervical spine condition." (R. 466). In November 2010, Dr. Chang reviewed the requirements of Mr. Persons' prior job, and opined that he would not be able to return to that work. In particular, Dr. Chang noted that while Mr. Persons can lift up to 10 pounds at a time, it would not be safe for him to lift any amount of weight on a repetitive basis. (R. 473). Dr. Chang also opined that Mr. Persons could not repetitively turn, twist, or reach. *Id.* In his final treatment note in March 2011, Dr. Chang noted that Mr. Persons "[h]as difficulty tolerating activities for more than a few minutes at a time." (R. 475). He also opined that Mr. Persons "remains completely disabled." *Id.*

The only one of those statements that the ALJ acknowledged in his decision, though, was the very last. She stated that she gave "little to no weight" to Dr. Chang's opinion that Mr. Persons was "completely disabled," on the basis that the opinion "fails to indicate any specific limitations or functional capacity and is therefore no more than conclusory in nature and without foundation." (R. 20). That explanation fails to acknowledge or account for the many other, more specific opinions that Dr. Chang offered throughout his treatment notes, including that Mr. Persons cannot lift on a repetitive basis or tolerate activities for more than a few minutes at a time. Instead, the ALJ cherry-picked a single statement out of Dr. Chang's treatment notes and failed to engage with the rest of his opinions, which is improper. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

In response, the Commissioner argues in part that the ALJ was not required to discuss "this lone treatment note," [DE 17 p. 10], as an ALJ need not "address every piece of evidence or

testimony presented." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). First, though, Dr. Chang's opinions were not confined to a lone treatment note—he offered opinions about Mr. Persons' limitations in multiple treatment notes over more than a year. And second, these were opinions by a treating physician about Mr. Persons' abilities and restrictions. Not only was the ALJ required to address them, she was required to give them controlling weight unless she articulated good reasons for not doing so. *Scott*, 647 F.3d at 739; 20 C.F.R. § 404.1527. Having failed to acknowledge these opinions at all, the ALJ's decision did not adequately explain why the ALJ discounted the opinions of this treating physician.

The Commissioner's response also offers some reasons why the ALJ might not adopt further limitations based on these opinions, such as that Dr. Chang also noted that Mr. Persons "is not necessarily totally disabled." The first problem with that argument, though, is that the ALJ did not offer that reasoning. That argument thus violates the *Chenery* doctrine, "which forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself has not embraced." *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010). *See also SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943). In addition, the ALJ could not have reasonably disregarded the opinion that Mr. Persons is "completely disabled" on the basis that it is conclusory, yet treated an opinion that Mr. Persons is "not necessarily totally disabled" as dispositive of his ability to work; step five requires a more granular inquiry into a claimant's specific limitations and the jobs available to a person with those limitations. That's not to say the ALJ must accept Dr. Chang's opinions, but the ALJ erred in failing to acknowledge them and offer an adequate explanation for the weight given to them.

Because Dr. Chang's opinions are more restrictive than the RFC adopted by the ALJ, this error is harmful. The ALJ found that Mr. Persons could do light work, which requires "frequent

lifting" of "objects weighing up to 10 pounds." *See* 20 CFR §404.1567(b). Dr. Chang acknowledged that Mr. Persons could lift up to 10 pounds at a time, but believed that he could not lift even minimal amounts on a repetitive basis. (R. 473). Dr. Chang also opined that Mr. Persons has "difficulty tolerating activities for more than a few minutes at a time." (R. 475). If credited, those opinions could have supported further limitations to Mr. Persons' residual functional capacity. The Court thus cannot find that the Commissioner met its burden at step five of establishing that a claimant with Mr. Persons' limitations can perform jobs that exist in significant numbers. Accordingly, the Court reverses and remands for additional proceedings, during which the parties may also address the other arguments Mr. Persons has raised on appeal. Mr. Persons is not entitled to an outright award of benefits, though, as he requests only in passing. Mr. Persons failed to develop an argument in that regard, and the record is not so one-sided as to compel a conclusion that Mr. Persons is disabled.

## V. CONCLUSION

For those reasons, the Court REVERSES the Commissioner's decision and REMANDS for additional proceedings consistent with this opinion. The Clerk is DIRECTED to prepare a judgment for the Court's approval.

SO ORDERED.

ENTERED: October 25, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court